IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN PAUL SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-327 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On August 1, 2014, the United States Magistrate Judge issued its report and

recommendation [Doc. #15], this matter having been referred to the United States Magistrate

Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the decision of the

Commissioner be affirmed.

On August 14, 2014, Plaintiff filed his objections to the report and recommendation

[Doc. #16]. Plaintiff contends that the Magistrate Judge erred in finding that the ALJ was not

required to make a specific finding on the claimant's ability to maintain employment. Plaintiff

argues that in this case, his symptoms caused by a severe impairment wax and wane, which

merits a finding from the ALJ regarding his ability to maintain consistent employment. Plaintiff

argues that Plaintiff's work history and medical evidence demonstrate that his symptoms wax

and wane and prevent him from maintaining consistent employment.

The Magistrate Judge considered the argument of Plaintiff, and found that the facts of his

case were more comparable to the facts in *Haney v. Shalala*, No. 93-1131, 1994 WL 24232, at *2

(E.D. La. 1994), in that the claimant was diagnosed with schizophrenia, was "virtually symptom

free on medication," was noted to be "generally, non-compliant with treatment recommendations but industrious," and was "willing to work and [able] to find employment at the expense of treatment" [Doc. #15 (citing *Haney*, 1994 WL 24232, at \*2)]. In this case, the Magistrate Judge noted that Plaintiff retained the necessary residual functional capacity to perform his past relevant work as a groundskeeper. *Id*. at 6-7. Neither the medical expert nor the vocational expert offered any indication that Plaintiff might have trouble maintaining a job, and Plaintiff testified that he believed he could still work as a groundskeeper. *Id*. at 7. The Magistrate Judge noted that Plaintiff's symptoms are controlled when he is medically compliant. *Id*. The Magistrate Judge found that the testimony, medical records, and expert opinion do not evidence the requisite waxing and waning of symptoms, and concluded that there was no need for the ALJ to make an explicit finding that Plaintiff has the ability to maintain employment. *Id*. The court agrees. There is substantial evidence in the record to support the ALJ's decision, and the court finds Plaintiff's objections are overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #15] is adopted, and the decision of the Commissioner is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **11** day of **September, 2014.**

_____
Ron Clark, United States District Judge

2